CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 15 2018

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BRENDA H. KEITH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:16-cv-00054 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, | ) | By: Hon. Jackson L. Kiser |
| Acting Commissioner, | ) |     Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 19]. The R&R was filed on January 17, 2018 [ECF No. 23], and Plaintiff Brenda H. Keith filed objections on January 31 [ECF No. 24]. The Commissioner responded [ECF No. 25], and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's objections and grant the Commissioner's Motion for Summary Judgment.

I.     **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On January 19, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act ("the Act") and supplemental security income pursuant to Title XVI of the Act. See 42 U.S.C. §§ 401–33; 1381–1383f (2016). (R. 255–265.) In her application, Plaintiff alleged that she had been disabled since January 12, 2011, due to a combination of post-breast cancer lymphedema, migraines, depression, lymphedema in her right arm and hand with pain and swelling, debilitating fatigue, low back and neck pain, bilateral knee pain, left foot pain, right foot swelling, and a number of post-breast

cancer issues, including chemotherapy, radiation, mastectomy, and reconstruction. (See, e.g., R. 114–15.) The Commissioner denied Plaintiff's claims initially on January 11, 2013, and again upon reconsideration on July 16, 2013. (See R. 138–71.)

Plaintiff requested a hearing before an Administrative Law Judge and, on December 22, 2014, Plaintiff appeared with her attorney before Administrative Law Judge Mary Peltzer ("the ALJ"). (R. 43–79.) Both Plaintiff and a vocational expert, Andrew Vail, testified. (Id.) In a written decision dated February 18, 2015, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 12–36.) She found that Plaintiff suffered from "right upper extremity edema status post breast cancer; migraine headaches; and post-left foot bone spur removal and osteoarthritis of the talonavicular joint," all of which qualified as serious impairments. (R. 15 (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)).) The ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18–19 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 & 416.926).)

After consideration of the entire Record, the ALJ concluded that Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) & 416.967(a), with some limitations. (See R. 19–34.) Although the ALJ determined that Plaintiff was not capable of performing past relevant work, she did determine that Plaintiff would be able to perform jobs that exist in significant numbers in the national economy, such as cashier, telephone solicitor, and order clerk. (R. 35–36 (citing 20 C.F.R. §§ 404.1569, 404.1569(a), 404.1568(d), 416.969, 419.969(a) & 416.968(d).) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. 36.) The Appeals Council denied Plaintiff's

request for review, and the decision of the ALJ became the final decision of the Commissioner on September 17, 2016. (R. 1–4.)

On November 7, 2016, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. The parties filed cross motions for summary judgment. (See Pl.'s Mot. Summ. J., May 26, 2017 [ECF No. 15]; Def.'s Mot. Summ. J., July 26, 2017 [ECF No. 19].) On January 17, 2018, Judge Hoppe filed his Report and Recommendation ("R&R"), recommending that I grant the Commissioner's motion for summary judgment and affirm the decision of the Commissioner. (R&R, Jan. 17, 2018 [ECF No. 23].) On January 31, Plaintiff filed her objections to the R&R. (Pl.'s Obj., Jan. 31, 2018 [ECF No. 24].) The Commissioner responded on February 14 [ECF No. 25], so the matter is now ripe for review.

## II.  STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. DISCUSSION

Following the Magistrate's Report and Recommendation, Plaintiff filed objections as to two primary conclusions: first, regarding the ALJ's decision to give limited weight to the opinion of Plaintiff's treating physician, Dr. Strong; and second, as to the Magistrate Judge's conclusion that the ALJ's overall discussion of Plaintiff's symptoms was "more than adequate." These objections, and their various permutations,[1] are addressed in turn.

---

[1] Plaintiff's counsel is notorious in this Court for failing to make proper objections to the R&R. She routinely reformats and restates her Motion for Summary Judgment as an objection to the R&R. As I have stated many times before, mere repetition of those arguments rejected by the Magistrate Judge is generally not sufficient to state an objection under Federal Rule of Civil Procedure 72:
> The issues that Plaintiff raises in her general objection have already been addressed by [the] Magistrate Judge . . . when they were before him in

A.  Treating Physician's Opinion

It goes without saying that, under the applicable regulations, a treating physician's opinion is traditionally afforded "controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). When there is "persuasive contrary evidence," and if the ALJ gives "good reasons" that are supported by the record, the ALJ may give a treating physician's opinion less weight. Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Among the factors that an ALJ may consider in deciding whether to afford a treating physician's opinion less than controlling weight are the consistency of his or her opinion with the record as a whole and whether the treating physician's opinion pertains to his or her area of specialty. See 20 C.F.R. §§ 404.1527(c)(2)–(5), 416.927(c)(2)–(5).

Plaintiff seems to take issue most with the ALJ's statement that Dr. Strong "was a family practitioner, not an oncology, neurosurgery, or orthopedic specialist." (R. 34.) She does not understand why "the opinion of a family practitioner is entitled to less weight that the opinion of a pediatrician [the state agency reviewing physician]." (Pl.'s Obj. pg. 2.) While I certainly appreciate her argument, it highlights only one of the ALJ's reasons for giving Dr. Strong's opinion limited weight while ignoring the others. As the ALJ stated:

---

> Plaintiff's summary judgment brief. Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."

Veney v. Astrue, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008) (quoting Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).

> [Dr. Strong's] findings of significant postural limitations and need for multiple absences monthly are inconsistent with the claimant's generally positive response to treatment for her lymphedema status post breast cancer, migraine headaches, and foot dysfunction. In fact, she typically had normal muscle strength, gait, and sensation on exam, despite some persistent lymphedema in her right upper extremity. . . . In addition, I noted the letter from Dr. Strong from August 29, 2013[], his opinion that she could not do housework in May 2014 [], and his prescription for a handicapped driving placard []. As noted above, though Dr. Strong treated the claimant, he was only a family practitioner and not an oncology, neurosurgery, or orthopedic specialist, nor was he a podiatrist. In addition, though he wrote that the claimant showed decreased right arm strength and sensation on exam, there is no indication throughout the treatment record from other providers to support such signs, particularly as she usually had unremarkable extremities with normal gait. Furthermore, his prescription for a permanent handicapped sticker did not provide specific limitations in functioning and was not supported by the treatment notes, which typically revealed that she had normal gait. Last, I note that while Dr. Strong made opinions on her need for additional training based on her past education and work history, there is no indication that he has any background in vocational studies or that is he is [*sic*] qualified to make such statements. In sum, I give these opinions little to no weight.

(R. 34.) While I would certainly agree with Plaintiff had the ALJ rejected Dr. Strong's opinion solely because he was a family practitioner, her objection grossly misstates the ALJ's detailed justification for affording Dr. Strong's opinion less than controlling weight. The objection is overruled.

Plaintiff next argues—in the shotgun-style of her objection—that the Magistrate Judge erred in concluding that the ALJ properly considered the evidence regarding Plaintiff's right upper extremity. This appears to be a re-packaged objection to the discounting of Dr. Strong's opinion. (See Pl.'s Obj. pg. 4.) Nevertheless, Plaintiff argues that the ALJ's inclusion of "gait" in a discussion of Plaintiff's right upper extremity is error because "normal gait . . . has nothing to do with [P]laintiff's upper extremities." (Id. pg. 3.) This argument ignores the totality of the

ALJ's statement; the ALJ also included the lack of support from other provider's notes and findings of normal extremities on multiple occasions. (See R. 34.) On the whole, then, Plaintiff's objections asks me to merely reweigh the evidence in order to arrive at her preferred conclusion. I am not empowered to undertake such a review. See Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589).

Plaintiff also asserts that the ALJ's statement that she had "'unremarkable extremities' is inaccurate." That argument is plainly wrong. Plaintiff apparently overlooks Dr. Strong's statement on March 22, 2012, that Plaintiff had "normal extremities." (R. 672.) She also fails to acknowledge Dr. Strong's records from April 27, 2012, that she had "normal extremities." (R. 677.) And she overlooks Dr. Strong's notes from June 28, 2012, where he reported that Plaintiff presented with "extremities normal." (R. 683.) She likewise fails to alert the Court to Dr. Strong's records from January 17, 2013, where Plaintiff presented with "extremities normal." (R. 1001.) And she omits Dr. Strong's notation of "extremities normal" from her May 1, 2013, visit. (R. 1006.) Plaintiff's own physician's records show "sufficient evidence" for the ALJ's opinion, and her objection will be overruled. See Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589).

Plaintiff next objects to the ALJ's conclusion that Plaintiff's limitations regarding reaching, handling, and fingering, limit her to sedentary work.[2] Plaintiff posits that her manipulative limitations actually entitle her to a finding that she is disabled under the Act. In making her findings, the ALJ limited Plaintiff to sedentary work with the following additional, relevant limitations: "occasional pushing/pulling with the right upper extremity;" "no more than

---

[2] Plaintiff also claims the ALJ failed to consider Dr. Strong's opinion regarding her manipulative limitations, but that is plainly wrong as well. (See R. 33–34 (reciting Dr. Strong's opinion regarding Plaintiff's manipulative limitations).

occasional reaching overhead (above the shoulders);" and "frequent fingering and occasional feeling with the right upper extremity." (R. 19.)

Even if I were to grant Plaintiff's proposition that Dr. Strong's opinion of her manipulative limitations qualified her as disabled, her argument misses the mark. The ALJ considered—and partially rejected—Dr. Strong's opinion on her limitations. Instead, she concluded that Plaintiff retained the RFC to perform sedentary work with the above-mentioned limitations. Plaintiff's issue, therefore, is with the ALJ's partial rejection of Dr. Strong's opinion. As explained above, and considering the frequent references in Dr. Strong's own records to Plaintiff's "normal extremities," the ALJ's decision is supported by substantial evidence.

Contrary to Plaintiff's argument, the ALJ adequately explained the records and reasons for giving Dr. Strong's opinion limited weight. Plaintiff's disagreement with the decision does nothing to undercut the clear support in the Record for ALJ's Peltzer's decision.

B. Plaintiff's Subjective Allegations

Plaintiff's second overarching objection concerns the ALJ's discussion of Plaintiff's symptoms. Plaintiff alleges that the Magistrate Judge erred in concluding "that the ALJ's overall discussion of plaintiff's allegations was 'more than adequate.'" (Pl.'s Obj. pg. 4.)

Plaintiff first posits that the Magistrate Judge's statement that Plaintiff "could 'dress and feed herself independently' does not show how these activities undermined plaintiff's allegations that she could only occasionally use her right upper extremity as these activities are not performed on a sustained basis over the course of an 8 hour workday and instead, are only performed occasionally." (Pl.'s Obj. pg. 5.) At its core, Plaintiff objects to the ALJ's determination that her symptoms were not as severe as she claimed.

Here again, Plaintiff's argument picks one tree and ignores the forest of other support cited by the Magistrate for his ultimate conclusion. In addition to Plaintiff's statement that she could "dress and feed herself independently," the Magistrate Judge cited Plaintiff's "mixed signs on exam with positive response to treatment," conservative treatment, extensive work and daily activities, her testimony that she worked after her alleged disability onset date, her statements to providers that she worked part-time at McDonald's, and her receipt of unemployment benefits, all as reasons in support of the ALJ's conclusion that her symptoms were not as severe as she alleged.

It is well-settled that a claimant's self-reported claims of pain and other symptoms are not beyond reproach. Such claims may be assigned less weight—or no weight at all—if they are not supported by the evidence. See C.F.R. §§ 404.1529(c), 416.929(c); Lewis v. Berryhill, 858 F.3d 858, 865–66 (4th Cir. 2017). Review of the ALJ's decision reveals adequate evidence for discounting Plaintiff's subjective statements about the limiting effects of her symptoms, as her testimony was belied by her record of activity inconsistent with the limitations she professed to suffer. Because there is substantial evidence in the Record to support the ALJ's determination, the objection will be overruled.

Plaintiff next argues that the Magistrate Judge erred in finding that Plaintiff's work attempts in 2011 and 2012 did not involve any special accommodations. (See R&R pg. 23–24.) This argument misreads the Magistrate Judge's opinion. He clearly stated that Plaintiff worked during the relevant period, "albeit with some limitations," and that the VE characterized Plaintiff's work as a candy packer as medium exertional as it is described in the Dictionary of Occupational Titles, but light as Plaintiff actually performed it. (R. 71; R&R 24.) Accordingly,

I fail to see how the Magistrate Judge erred when he adequately considered the accommodations Plaintiff utilized.

Plaintiff next objects to the Magistrate Judge's conclusion that Plaintiff's application for employment benefits was "a sufficient reason for the ALJ to find plaintiff less than fully credible." (Pl.'s Obj. pg. 5.) This objection is easily rejected for two reasons.

First, although Plaintiff is accurate that the "receipt of unemployment compensation does not in itself prove ability to work," Lackey v. Celebrezze, 349 F.2d 76, 79 (4th Cir. 1965), "court of this Circuit have held that it is proper to consider the inherent inconsistency between the receipt of unemployment benefits and an application for Social Security disability benefits when assessing an individual's credibility," Mabe v. Colvin, No. 4:12-cv-00052, 2013 WL 6055239, at *8 (W.D. Va. Nov. 15, 2013). Accord Schmidt v. Barnhart, 395 F.3d 737, 746 (7th Cir. 2005) (finding that a "claimant's decision to apply for unemployment benefits and represent to state authorities and prospective employers that [she] is able and willing to work" is a relevant factor in assessing claimant's credibility).

Second, and more importantly, Plaintiff again grossly misrepresents the Magistrate Judge and ALJ's actual decisions. (See R&R pgs. 22–23; R. 30–32.) Neither of them concluded that Plaintiff's application for unemployment benefits was dispositive of the issue of her credibility or her disability. (See, e.g., R. 32 (noting that Plaintiff's receipt of unemployment benefits "casts doubt on the veracity of the claimant's allegation that she is disabled under the Social Security Act")). Rather, and discussed above, it was one of *numerous* factors cited which led to the overall conclusion that Plaintiff's allegations of pain and debilitating symptoms was to be given less weight. As stated above, *all of those facts, taken together,* represent substantial evidence in

support of the ALJ's decision and will not be disturbed now. The inclusion of Plaintiff's receipt of unemployment benefits was not error.

Plaintiff's final objection concerns the ALJ's discussion of Plaintiff's daily activities, which the Magistrate Judge conceded was "wanting." (Pl.'s Obj. pg. 6; R&R pg. 22.) Plaintiff correctly notes that an ALJ errs when she fails to account for the *extent* of daily activities, i.e., failing to note when "cooking daily meals" is nothing more than microwaving frozen dinners. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 263 (7th Cir. 2017). But again, Plaintiff misstates the Magistrate Judge's conclusion. Yes, the ALJ's discussion of Plaintiff's daily activities was lacking, but the Magistrate Judge ultimately concluded that the ALJ's decision was supported by other evidence, such her prior work history (including the time she alleges she was disabled), her statements made to her treatment providers, statements made in her function reports, and her receipt of unemployment benefits. All of these things, taken in conjunction, provide substantial evidence for the ALJ's conclusion that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are partially credible . . . ." (R. 30.) Even excluding Plaintiff's daily activities, substantial evidence supports the ALJ's determination, and Plaintiff's objections will be overruled.

IV. **CONCLUSION**

Plaintiff's objections generally fail to appreciate the scope and content of the ALJ's decision. Nevertheless, considering all of Plaintiff's objections, substantial evidence supports the ALJ's various conclusions and Plaintiff's objections will be overruled.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

ENTERED this 15th day of May, 2018.

                                              s/Jackson L. Kiser
                                              SENIOR UNITED STATES DISTRICT JUDGE